IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION


UNITED STATES OF AMERICA,

v.   CASE NO. 1:08-cr-00009-MP-AK

JERRY CARL SLEDGE,

    Defendant.

_____/

## **O R D E R**

This matter is before the Court on Doc. 34, Amended Report and Recommendation of the Magistrate Judge, which recommends that Defendant's motion to suppress, Doc. 25, be denied. The Report and Recommendation was issued on Thursday, August 14, 2008. The parties have been furnished a copy of the Report and have been given an opportunity to file objections. Defendant filed an objection at Doc. 36. Pursuant to Title 28, United States Code, Section 636(b)(1), this Court must make a *de novo* review of those portions to which an objection has been made.

In his motion to suppress, Defendant argues that the March 29, 2008, warrantless entry onto his fenced property was illegal, because the officers conducting the search had neither consent nor probable cause and exigent circumstances to conduct a search. Doc. 25. The Government did not file a response in opposition to the motion. However, an evidentiary hearing was held on August 15, 2008, before the Magistrate Judge, at which the Government argued that the officers in this case did not need a warrant to bypass Defendant's closed gate for

two reasons: (1) the officers had implied consent to conduct a "knock-and-talk;[1]" and (2) the initial entry onto Defendant's land and the police officers' encounter with Defendant occurred in an open field.  Sgt. O'Quinn, who conducted the binocular surveillance of Defendant's property before the search in question, testified that, based on her observations, she believed she had probable cause to obtain a warrant but that she entered Defendant's property without a warrant because she did not believe one was needed to conduct a knock-and-talk.

The Magistrate concluded that the initial binocular surveillance of Defendant's property from a public street was lawful under the plain view doctrine and that the observations made during the surveillance provided probable cause to obtain a search warrant.  Doc. 34 at 4-5.  In his objection to the Report, Defendant argues that the report of Sgt. O'Quinn's observations, which was encapsulated in the warrant affidavit, evidenced only a flimsy speculation that Defendant was in possession of marijuana.  Doc. 36 at 1.  Defendant argues further that Sgt. O'Quinn's testimony regarding her observations is not credible, because it would have been "virtually impossible" to identify marijuana from 900 yards away at sunset.  Id.

Upon consideration, the Court agrees with the Magistrate that Sgt. O'Quinn's binocular

---

[1] See United States v. Tobin, 923 F.2d 1506, 1512 (11th Cir. 1991) (adopting the knock-and-talk exception) (citing Davis v. United States, 327 F.2d 301, 303 (9th Cir. 1964)).  The knock-and-talk exception is based on the implied consent a home's occupants ordinarily give for members of the public to utilize routes of ingress and egress to the home for the purpose of calling on the home's occupants.  In cases involving the use by the police of the knock-and-talk tactic, there are usually three issues the Court must address: (1) whether the initial entry onto the property was proper–i.e., whether the police had express or implied consent to enter the property and question the occupant; (2) whether the police exceeded the scope of any such consent by, for instance, conducting an illegal protective sweep; and (3) whether the home's occupant voluntarily consented to a subsequent search of the property.  In this case, it is also disputed whether an exception to the warrant requirement is necessary, since the police officers made contact with Defendant before reaching the home and in an area the Government contends falls outside of the home's curtilage.

surveillance was legal under the plain view doctrine and that her observations, combined with the anonymous tip that they confirmed, provided the officers with probable cause to believe that Defendant possessed on his property potted marijuana plants.  Based on the testimony of Sgt. O'Quinn and Sgt. Brooks, the Court also finds that the subsequent entry onto Defendant's property did not influence the officers' decision to seek a search warrant.  Rather, the officers' failure to obtain a warrant was due to their subjective belief that they had implied consent to enter Defendant's property and conduct a knock-and-talk.  Finally, had the subsequently-obtained evidence been excluded from the warrant affidavit, it would not have altered the Court's decision to issue the search warrant in this case.  Thus, the Court need not determine whether the physical entry onto Defendant's property was illegal.  See Murray v. United States, 487 U.S. 533, 540-541, 108 S.Ct. 2529, 2534-2535 (1988) (holding that evidence initially discovered during an illegal search but subsequently acquired through an independent and lawful source is admissible and explaining in dicta that a warrant is valid if no illegally-acquired information affected either the law enforcement officers' decision to seek a warrant or the magistrate's decision to grant it).  Accordingly, it is hereby

**ORDERED AND ADJUDGED:**

1. The Magistrate's Report and Recommendation, Doc. 34, is adopted in part and incorporated herein.

2. Defendant's Motion to Suppress, Doc. 25, is DENIED.

**DONE AND ORDERED** this   *21st* day of November, 2008

*s/Maurice M. Paul*
Maurice M. Paul, Senior District Judge
