# IN THE UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF FLORIDA
# GAINESVILLE DIVISION

**UNITED STATES OF AMERICA,**

    **Plaintiff,**

**vs.**                                            **CASE NO. 1:08-cr-9/RS-WCS**

**JERRY CARL SLEDGE,**

    **Defendant.**

_____/

## ORDER

Before me are Defendant's motion for a new trial (Doc. 122) and the government's motion to compel involuntary medication (Doc. 123).

### *New Trial*

Defendant seeks a new trial on the grounds that he has newly discovered evidence that he was incompetent at the time he was tried. (Doc. 122). Fed. R. Crim. P. 33 provides that a court may "vacate any judgment and grant a new trial if the interest of justice so requires." A motion for new trial grounded on newly discovered evidence must be filed within three years after the verdict. Fed. R. Crim. P. 33(b)(2). The jury's verdict in Defendant's case was issued on December 3, 2008, therefore his motion is timely filed.

1

Where the newly discovered evidence in a motion for a new trial pertains not to the defendant's guilt, but to his competency to stand trial, a district court should examine whether the new evidence indicates that the defendant did not have sufficient ability to consult with his lawyer with a reasonable degree of rational understanding and a rational as well as factual understanding of the proceedings against him. *U.S. v. McCarthy*, 54 F.3d 51, 55 (2d Cir. 1995)(citing *Dusky v. U.S.*, 362 U.S. 402, 80 S.Ct. 788 (1960)). In addition to Dr. Harry Krop's finding in his post-trial evaluation of Defendant (Doc. 124-1) that Defendant is incompetent to be sentenced, Dr. Jorge Luis, a forensic psychologist with the Federal Bureau of Prisons, in his May 9, 2009, report opined that Defendant was also incompetent at the time of his trial. (Doc. 129-1). Dr. Luis examined Defendant after the trial and reported that Mr. Sledge was suffering from delusional beliefs and diagnosed him with a "psychotic disorder not otherwise specified." *See id.* Dr. Luis concluded that based on the evidence of Defendant's behavior during trial, Defendant's mental status at the time of his trial was consistent with his current mental status, and therefore he was likely incompetent to stand trial in December of 2008. *Id.* The government has not presented any evidence to refute this assessment and does not oppose Defendant's motion for a new trial. (Doc. 128).

Although some of the factual circumstances of Defendant's behavior were known prior to trial, the conclusions of Dr. Krop and Dr. Luis about Defendant's

incompetency only became available after trial and therefore they amount to newly discovered evidence. *See United States v. Massa,* 804 F.2d 1020, 1022 (8th Cir. 1986). The interests of justice certainly require that a new trial be ordered when it is discovered that a Defendant was incompetent at the time of his trial. Accordingly, Defendant's motion for new trial (Doc. 122) is **granted** and the judgment against him (Doc. 62) is vacated.

### *Involuntary Medication*

The government has sought the involuntary medication of Defendant to restore him to competency for sentencing. (Doc. 123). Although I have now granted Defendant a new trial, the issue of involuntary medication still must be resolved because Defendant remains incompetent. After an administrative hearing was held pursuant to 28 C.F.R. § 549.43, a hearing was held in this court on January 21, 2011, to hear any objections to the administrative report, as well as provide the parties with an opportunity to be heard on the issue of involuntary medication pursuant to *Sell v. U.S.,* 539 U.S. 166, 123 S.Ct. 2174 (2003).

*Sell* set forth four standards the government must satisfy for involuntary medication to render a defendant competent to stand trial: (1) important government interests must be at stake, (2) involuntary medication must significantly further the state interests in assuring a fair and timely trial, (3) involuntary medication must be necessary to further the state interests, and (4)

administration of the medication must be medically appropriate. *U.S. v. Diaz*, 2011 WL 112495 *2 (11th Cir. 2011) (citing *Sell* at 180-81). Although Defendant raised some objection to the government's satisfaction of the fourth factor (arguing that involuntary medication was not medically appropriate due to the somewhat higher than normal risk of tardive dyskinesia, a permanent disorder, due to Defendant's age), the primary dispute arose over whether the government has satisfied the first factor. Although the government's interest in bringing to trial an individual accused of a serious crime is important, courts must consider the facts of the individual case in evaluating the government's interest in prosecution. *Sell* at 180. Special circumstances may lessen the importance of the government's interest, such as when the defendant has already been confined for a significant amount of time for which he would receive credit toward any sentence imposed. *Id.*

In this case, after his first trial Defendant's sentence would have included a mandatory minimum term of ten years. However, had Defendant been competent at the time of his trial, he would have likely followed his counsel's advice and chosen not to proceed with trial and instead entered a guilty plea and qualified for the safety valve. Defendant had a criminal history score of zero, was not charged with possession of firearms in connection with his crime, and was involved in a one-man enterprise with no fellow conspirators. If Defendant qualified for safety

valve, as it appears likely that he would have, he would have escaped the mandatory minimum term and also probably have received a two-level reduction pursuant to USSG § 2D1.1(16) and a three-level reduction for acceptance of responsibility pursuant to USSG §3E1.1. With these reductions, Defendant's offense level would have been 15, with a criminal history category I, resulting in a guideline range of 18 to 24 months.

Defendant has now been held in custody for a period longer than 24 months, and therefore has already served a very significant amount of time in light of his likely sentence. If I were to order he be involuntarily medicated, this would probably result in an appeal that would leave Defendant in custody for an additional 6 to 12 months. In addition, Dr. Lucking testified at the *Sell* hearing that it would likely take an additional 4 to 8 months for the medication to take effect and restore Defendant to competency. Thus, Defendant would ultimately remain incarcerated significantly longer than his estimated sentence if I ordered involuntary medication.

A defendant who has served a significant amount of time in light of an expected sentence does not alone defeat the government's interest in prosecution of that defendant. *U.S. v. White*, 620 F.3d 401, 419 (4th Cir. 2010). However, it substantially lessens the significance of the government's interest. Furthermore, because I have granted Defendant's motion for a new trial, he now actually has the

opportunity to plead guilty and avail himself of safety valve. It is no longer merely a hypothetical option, it is now an actual (and the expected) choice. In addition, Defendant was not charged with a violent crime, nor has he ever been found by any of his treating physicians to be a danger to himself or others. These factors lessen any public safety concerns and further reduce the government's interest in additional proceedings against Defendant.

In light of all of these factors, the government has failed to satisfy its burden of demonstrating that its interest in prosecuting Defendant outweighs Defendant's significant and constitutionally protected liberty interest in avoiding the unwanted administration of antipsychotic drugs. *Washington v. Harper*, 494 U.S. 210, 221, 110 S.Ct. 1028 (1990). Therefore, the government's motion to involuntarily medicate Defendant is **denied**.

Dr. Lucking's testimony at the January 21, 2011, hearing clearly indicates that Defendant remains incompetent for trial. Accordingly, Defendant remains committed to the custody of the Bureau of Prisons pursuant to 18 U.S.C. § 4241(2)(B).

**ORDERED** on February 11, 2011.

                                    **/s/ Richard Smoak**
                                    **RICHARD SMOAK**
                                    **UNITED STATES DISTRIC**